UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>CHRISTOF DEBONI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCOR.IO CORPORATION,<br><br>Defendant.</td><td>Case No. 26-cv-02821-WHO<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE AND APPOINT INTERIM LEAD COUNSEL**<br><br>Re: Dkt. No. 17</td></tr>
</table>

Plaintiff moves to consolidate this case with the related cases: Case Nos. *Gill v. Mercor.io Corporation*, 3:26-cv-02831; *Esson v. Mercor.io Corporation d/b/a Mercor*, 3:26-cv-02839; *Lofton v. Mercor.io Corporation*, 3:26-cv-02865; *Massman v. Mercor.io Corporation*, 3:26-cv-02990; *Ramos et al. v. Mercor.io Corporation*, 4:26-cv-03215, and presumably *Ananthula et al v. Mercor.io Corporation*. 3:26-cv-03362 (which was related to this lead case on May 18, 2026). Plaintiff also moves to appoint John J. Nelson of Milberg, PLLC as interim lead counsel.  See Dkt. No. 17.

Defendant does not oppose consolidation and takes no position on the appointment of interim lead counsel.  Dkt. No. 17, at 3.  No other party in this or any of the related cases has filed a response to the motion to consolidate or appoint interim lead counsel.

The motion to consolidate and appoint interim lead counsel is GRANTED.

**I.      THE RELATED ACTIONS ARE CONSOLIDATED UNDER THE FIRST-FILED *DEBONI* ACTION.**

1. The above-captioned matters shall be consolidated for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) (the "Consolidated Action") before this Court.

2. The Clerk of Court is DIRECTED to administratively close the other actions identified above.

3. All pleadings filed in the Consolidated Action shall be filed under the lead case number

United States District Court
Northern District of California

3:26-cv-02821, the number assigned to *Deboni*, and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**    Master File No. 3:26-cv-02821
**CALIFORNIA** IN RE MERCOR.IO
CORPORATION DATA BREACH
LITIGATION
This Document Relates To:

4. The case file for the Consolidated Action will be maintained under Master File No. 3:26-cv-02821. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption (*e.g.,* "*Deboni*, No. 3:26-cv-02821").

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

6. Any class or representative action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged facts as the Consolidated Action shall be consolidated with the Consolidated Action for pretrial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District. For any such action for which counsel has filed a Notice of Related Action, the plaintiff shall have ten (10) days from service of the Notice of Related Action to object to consolidation.

7. Defendant Mercor.io Corporation. shall not be required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint.

## II.    JOHN J. NELSON OF MILBERG, PLLC IS APPOINTED AS INTERIM LEAD CLASS COUNSEL

8. The Court appoints John J. Nelson of Milberg, PLLC as Interim Lead Counsel for all Plaintiffs. Interim Lead Counsel must assume responsibility for the following duties during all

phases of this litigation:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including mediation and settlement;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the

3

conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m) Assessing Plaintiffs' counsel for the costs of the litigation;

n) Preparing and distributing periodic status reports to the Court and to the parties as ordered;

o) Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

p) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

While the Court has no reason to doubt the qualifications of Mr. Nelson to serve as Interim Lead Class Counsel, it is worth stressing that this is an **interim** appointment that could be changed at any time at the discretion of the Court.  No other counsel has applied to act as Interim Lead Class Counsel or offered any argument concerning the appropriateness of this appointment.

### III.   OTHER MATTERS

9. Any additional Plaintiffs' counsel will do all work in this litigation only at the direction of Interim Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Lead Class Counsel.

10. Interim Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

United States District Court
Northern District of California

11. Interim Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

12. All Plaintiffs' counsel shall maintain contemporaneous and detailed time and expense records. Interim Lead Class Counsel shall review these records to ensure that only authorized, reasonable, and non-duplicative work is submitted for potential reimbursement.

13. The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity.

14. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within 30 days of this Order. Defendant shall file an answer or otherwise respond to the consolidated complaint no later than 45 days following the filing of the consolidated complaint. Plaintiffs shall thereafter have 30 days to file any opposition in the event Defendant files a motion for which a response is due and in the event that Plaintiffs file an opposition, Defendant shall have 30 days to file any reply in support of its motion.

15. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the consolidated action.

16. This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

**IT IS SO ORDERED.**

Dated: May 19, 2026

William H. Orrick
United States District Judge

5